IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EDWARD FABIAN,

    Plaintiff,

  -vs-

ANDREW M. SAUL,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Civil Action No. 20-635

AMBROSE, Senior District Judge

# OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 15 and 17). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 16 and 18). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 15) and granting Defendant's Motion for Summary Judgment. (ECF No. 17).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits pursuant to the Social Security Act. Administrative Law Judge ("ALJ"), Nikki Hall, held a hearing on January 31, 2019. (ECF No. 13-2, pp. 32-69). On February 27, 2019, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 13-2, pp. 11-20).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 15 and 17). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

2

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Weighing of Opinion Evidence

Plaintiff argues ALJ erred by giving greater weight to the opinion of the state agency physician than to the opinions of his treating physicians. (ECF No. 16, pp. 5-7). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. §404.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §404.927(c)(2). The opinion of a treating physician need not be viewed uncritically, however. Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give

3

that opinion controlling weight. *Id.* "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* §404.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* §404.1527c)(2). Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* §404.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

Plaintiff argues that the ALJ erred in affording little weight to the opinions of Dr. Kad and Dr. Leonida, his treating physicians, and great weight to the opinion of Dr. Guie, a non-treating, non-examining state agency physician. (ECF No. 16, pp. 5-7). In support of his argument, Plaintiff argues that the factors set forth in §404.927(c) favor the opinions of his treating physicians. (ECF No. 16, pp. 6-7). To be clear, the standard is not whether there is evidence to establish Plaintiff's position. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).

4

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016). Thus, the question before me is whether substantial evidence supports the ALJ's findings. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Therefore, Plaintiff's argument in this regard is misplaced.

Additionally, Plaintiff argues that the ALJ erred in giving Dr. Guie's opinion great weight because Dr. Guie's opinion was based on an incomplete record as it was made without the benefit of later records (assessments by her treating physicians and from Westmoreland Regional Hospital). (ECF No. 16, p. 7). I disagree. In accordance with the regulations, an ALJ is charged with the responsibility of weighing all of the medical opinion evidence in determining whom to credit and he must explain his rationale for doing so. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). To that end, an ALJ is entitled to rely upon the findings of an evaluator even if there is a lapse of time between the report and the hearing. *Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 361 (3d Cir. 2012) ("The Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it.").

Here, the ALJ specifically acknowledged that Dr. Guie's opinion was based only the medical evidence available at the time of his determination. (ECF No. 13-2, p. 18). Moreover, the ALJ reviewed all of the records, both before and after Dr. Guie's opinion, weighing them in accordance with the regulations and determined an RFC based on the same. (ECF No. 13-2, pp. 11-20). In so doing, the ALJ gave detailed reasons for assigning little weight to the opinions of Drs. Leonida and Kad. (ECF No. 13-2, p. 19). For example, the ALJ noted internal

inconsistencies and inconsistencies with each other.  *Id.*  The ALJ also found that "[n]either doctor cited to medical records nor treatment notes that would provide support for the severity of the limitations they assessed, nor did either doctor provide an explanation why they *were* assessing such severe limitations, in light of their findings during examination."  *Id.* Inconsistency is an appropriate, valid, and acceptable reason for weighing opinion evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence).  Moreover, an ALJ is not required to accept the treating physician's opinion uncritically.  Rather, the ALJ must weigh the opinion evidence along with all of the evidence of the record, as the ALJ did in this case.  *Id.*

After a review of the record, I find I am able to conduct a meaningful review of the ALJ's weighing of opinion evidence. I find no error in this regard.  Consequently, remand is not warranted on this basis.

### C. <u>Residual Functional Capacity (RFC)<sup>1</sup></u>

Finally, Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence.  (ECF No. 16, pp. 8-10).  Essentially, Plaintiff argues that the ALJ's RFC is not supported by substantial evidence because the ALJ did not take into account Plaintiff's testimony and relied on the opinion of Dr. Guie and, thus, the RFC was based on an "incomplete record."  (ECF No. 16, p. 8).  Plaintiff also suggests that the ALJ erred in failing to consider his testimony.  *Id.*  Upon review of the record, I disagree.  As discussed previously, the ALJ was entitled to rely on the opinion of Dr. Guie.  Moreover, a review of the record reveals that the ALJ appropriately considered Plaintiff's testimony and found it to be not entirely consistent with the medical evidence and other evidence in the record.  (ECF No. 13-2, pp. 15-

---

[1]RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).  In this case, the ALJ determined that Plaintiff has the RFC to perform medium work with various exceptions.  (ECF No. 13-2, pp. 15-16).

19). Substantial evidence supports this finding.[2]  *Id.*  Thus, I find remand is not warranted on this basis.

An appropriate order shall follow.

---

[2] I note, again, that any argument regarding the evidence that supports Plaintiff's position that he cannot meet the walking, standing, and lifting demands of the RFC is misplaced as the standard is whether there is substantial evidence to support the ALJ's findings, not Plaintiff's position.  *Weidow, supra*.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD FABIAN, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) Civil Action No. 20-635 ) ) |
| ANDREW M. SAUL,<br>COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) |
| Defendant. | ) ) |

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 30th day of June, 2021, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 15) is denied and Defendant's Motion for Summary Judgment (ECF No. 17) is granted.

BY THE COURT:

_Donetta F. Ambrose_
Donetta W. Ambrose
United States Senior District Judge